Commonwealth, Appellant, *v.* Lott.

Argued December 2, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*E. Russell Shockley,* Deputy Attorney General with him *Alexander C. Flick, Jr.,* of *Stone & Flick* and *James H. Duff,* Attorney General, for appellant.

*Richard P. Lott,* for appellee.

OPINION BY MR. JUSTICE DREW, January 3, 1944:

There are no disputed facts in this case. Appellee, a resident of Warren County, in 1937-8-9 purchased stocks on margin through a Boston, Massachusetts brokerage

house, Smith, Barney & Company. In 1939 the Department of Revenue of Pennsylvania assessed personal property taxes upon these stocks, claiming that appellee's equitable interest in them was taxable under Section 3, of the State Personal Property Tax Act of June 22, 1935, P. L. 414, as amended and re-enacted. Appellee disputed the claim; the learned court below sustained his contention, that his interest was not taxable, and abated the tax, whereupon the Commonwealth took this appeal.

Section 3 is as follows: "All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident, . . . in his own right, or as active trustee, agent, attorney-in-fact, . . . or in any other capacity . . . and the equitable interest in any such personal property of the classes hereinafter enumerated, owned, held or possessed by any resident, where the legal title to such personal property is vested in a trustee, agent, or attorney-in-fact, domiciled in another state, . . . and where such resident is entitled to receive all or any part of the income therefrom, is hereby made taxable, annually, for State purposes, . . ." Among the various types of personal property enumerated in the statute are stocks of corporations.

Counsel have simplified the case by making certain admissions in their briefs. Appellee admits he is a resident of Pennsylvania; that he owned an equitable interest in said stock in his margin account in Boston, and that this Commonwealth had the constitutional power to tax his interest. The State admits that it is only the equitable interest that is taxable, not the full value of the stock.

Has the Act made taxable the equitable interest of a resident in the margin account held by the Boston broker? The appellee says it has not because under Massachusetts law the broker has the legal title, and is not a "trustee, agent or attorney-in-fact." The Act is specific that "the legal title to such personal property

is vested" in one of these representatives if the interest of the resident receiving the income is taxable. Is the Massachusetts broker a trustee, agent or attorney-in-fact?

Where a broker in Massachusetts purchases stock on margin his relation to his customer in buying and selling the stock is that of an agent: *Rice v. Winslow,* 180 Mass. 500, 62 N. E. 1057 (1902) ; *Bodell v. Sawyer,* 294 Mass. 534, 3 N. E. 2d 279, 283 (1936). Upon receiving the stock the broker is considered as holding legal title to the stock: *Dennett v. Wilmerding,* 291 Mass. 264, 196 N. E. 860, 863 (1935) ; *Palley v. Worcester County Nat. Bank,* 290 Mass. 501, 195 N. E. 717, 720 (1935).

But Massachusetts law recognizes that the customer is the beneficial owner of the stock. In *Dennett v. Wilmerding,* supra, which was an action of contract by a margin customer against his brokers, the court while recognizing that legal title was in the brokers clearly declared that the "beneficial ownership" or equitable title was in the customer. Beneficial ownership is the same as equitable ownership, and is an equitable property interest in the stock. Thus in Massachusetts a broker is the agent of his customer in buying and selling stocks in a marginal account, and the question rises— is he not also a trustee, even though he does have the legal title. In many equitable proceedings the holder of the legal title is only a custodian for the owner of the beneficial interest. In Massachusetts the broker must act fairly with his customer, he cannot sell to himself, he must keep his contract, he must purchase as agreed, and while he may rehypothecate the securities, he can do so only within limitations. He certainly represents his customer in some legal capacity. We think it is as agent and trustee.

We have no doubt of the intention of the legislature to tax the equitable interest of appellee. And we are convinced that that interest, situated and governed by Massachusetts law, is reached by the tax. The broker is

both agent and trustee in the eyes of the tax Act, and in either capacity brings the property within the statute.

This is said to be the first case in which a resident's margin account held by a broker in another state has been attempted to be made liable to tax. If under the facts of this case, such personal property, frequently very valuable, could escape all tax, we fear there would be an exodus of taxable assets to other states and Pennsylvania would be deprived of her just dues.

Order reversed.